Citation Nr: 1452661 
Decision Date: 11/28/14 Archive Date: 12/02/14

DOCKET NO. 11-25 890 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUE

Entitlement to service connection for left ear hearing loss.


REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

M. M. Olson, Associate Counsel


INTRODUCTION

The Veteran served on active duty from May 1965 to August 1989.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an April 2009 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Winston-Salem, North Carolina.

In August 2013, the Veteran testified before the undersigned Veterans Law Judge (VLJ) at a hearing held at the RO. A transcript of that hearing is associated with the record. In addition, the Veteran submitted additional evidence directly to the Board with a waiver of initial RO consideration. This evidence is accepted for inclusion in the record on appeal. See 38 C.F.R. §§ 20.800, 20.1304 (2014). 

In March 2014, the Board remanded the issue of entitlement to service connection for bilateral hearing loss. In an August 2014 rating decision, the RO granted service connection for right ear hearing loss. As this constitutes a complete grant of that claim, and the evidence does not show the Veteran has disagreed with the determination, the Board finds that issue is no longer on appeal and has re-characterized the remaining issue accordingly.


FINDING OF FACT

The probative, competent evidence does not demonstrate that the Veteran has a current left ear hearing loss disability for which service connection may be granted.


CONCLUSION OF LAW

The criteria for service connection for left ear hearing loss have not been met. 38 U.S.C.A. §§ 1110, 1131, 5103A, 5107 (West 2002); 38 C.F.R. §§ 3.159, 3.303, 3.304, 3.385 (2014).

REASONS AND BASES FOR FINDING AND CONCLUSION

VA has met all statutory and regulatory notice and duty to assist provisions. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2002 & Supp. 2013); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2014); see also Pelegrini v. Principi, 18 Vet. App. 112 (2004); Quartuccio v. Principi, 16 Vet. App. 183 (2002); Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006). A July 2008 letter satisfied the duty to notify provisions, to include notice of the regulations pertinent to the establishment of an effective date and disability rating.

In addition, the record contains the Veteran's service treatment records, VA treatment records and examination reports, private treatment records, and lay evidence. In April 1992 and March 2009, the Veteran underwent VA examination. Pursuant to the Board's March 2014 Remand, the Veteran also underwent VA examination in June 2014. Upon review, the Board finds the VA examinations are adequate for the purpose of determining service connection. The VA examiners reviewed the Veteran's relevant medical history and lay testimony, completed physical examinations and other appropriate testing, and provided opinions with adequate rationale as to the clinical findings. Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008). Accordingly, the Board finds that VA's duty to assist with respect to obtaining a VA examination or opinion has been met. 38 C.F.R. 
§ 3.159(c)(4). In addition, the Board finds the RO substantially complied with the March 2014 Remand directives. See 38 U.S.C.A. § 5103A(b); Stegall v. West, 11 Vet. App. 268 (1998); D'Aries v. Peake, 22 Vet. App. 97 (2008). 

In Bryant v. Shinseki, 23 Vet. App. 488 (2010), the United States Court of Appeals for Veterans Claims (Court) held that 38 C.F.R. § 3.103(c)(2) (2014) requires that the VLJ who conducts a hearing fulfill two duties to comply with the above regulation. These duties consist of (1) the duty to fully explain the issues and (2) the duty to suggest the submission of evidence that may have been overlooked. Here, the VLJ asked the Veteran specific questions concerning his symptoms of and treatment for hearing loss. The hearing focused on the elements necessary to substantiate the claim, and the Veteran, through his testimony, demonstrated that he had actual knowledge of the elements necessary to substantiate the claim. In addition, the Veteran was assisted at the hearing by an accredited representative from the Veterans of Foreign Wars of the United States. No pertinent evidence that might have been overlooked and that might substantiate the claim was identified by the Veteran or his representative. Neither the representative nor the Veteran has suggested any deficiency in the conduct of the hearing. Therefore, the Board finds that, consistent with Bryant, the VLJ complied with the duties set forth in 38 C.F.R. § 3.103(c)(2).

There is no indication in the record that any additional evidence relevant to the issue decided herein is available and not part of the claims file. See Pelegrini, 18 Vet. App. 112. As there is no indication that any failure on the part of VA to provide additional notice or assistance reasonably affects the outcome of the case, the Board finds that any such failure is harmless. See Mayfield v. Nicholson, 20 Vet. App. 537, 543 (2006); see also Dingess/Hartman, 19 Vet. App. at 486.

All of the evidence in the Veteran's claims file has been thoroughly reviewed. Although an obligation to provide sufficient reasons and bases in support of an appellate decision exists, there is no need to discuss, in detail, all of the evidence submitted by the Veteran or on his behalf. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000) (holding that the entire record must be reviewed, but each piece of evidence does not have to be discussed). The analysis in this decision focuses on the most salient and relevant evidence and on what the evidence shows or fails to show with respect to the matter decided. The Veteran should not assume that pieces of evidence, not explicitly discussed, have been overlooked. See Timberlake v. Gober, 14 Vet. App. 122 (2000) (noting that the law requires only that reasons for rejecting evidence favorable to the claimant be addressed).

The Veteran asserts that he currently has left ear hearing loss as the result of exposure to acoustic trauma during active duty.

Service connection may be established for a disability resulting from diseases or injuries which are clearly present in service or for a disease diagnosed after discharge from service, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303. Establishing service connection generally requires medical or, in certain circumstances, lay evidence of (1) a current disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the present disability. Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009). 

VA has specifically defined the term "disability" for service connection claims involving impaired hearing. 38 C.F.R. § 3.385. "[I]mpaired hearing will be considered to be a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz is 40 decibels or greater; or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent." 38 C.F.R. § 3.385. The threshold for normal hearing is from zero to 20 decibels, and higher threshold levels indicate some degree of hearing loss. See 38 C.F.R. § 3.385; see also Hensley v. Brown, 5 Vet. App. 155, 157 (1993).

In this case, the Board finds it determinative that the medical evidence does not demonstrate that any left ear hearing loss met VA criteria for a disability during the pendency of the appeal or prior to the Veteran filing a claim for disability benefits. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.385; see Degmetich v. Brown, 104 F.3d 1328, 1332 (1997); Romanowsky v. Shinseki, 26 Vet. App. 289 (2013); McClain v. Nicholson, 21 Vet. App. 319 (2007) (holding that the requirement of a current disability is met if the disability was present at any point during the claim period). In the absence of proof of a present disability, there can be no valid claim. Rabideau v. Derwinski, 2 Vet. App. 141, 143-44 (1992). Specifically, in March 2009 VA examination revealed pure tone threshold levels, in decibels, of 15, 10, 0, 10, and 10 at 500, 1000, 2000, 3000, and 4000 Hertz, respectively, and the Veteran's speech recognition score was 96 percent. The VA examiner reported a diagnosis of clinically normal hearing in the left ear. In June 2014, pure tone threshold levels, in decibels, were 20, 20, 10, 10, and 25 at 500, 1000, 2000, 3000, and 4000 Hertz, respectively, and the Veteran's speech recognition score was 100 percent. The VA examiner found the Veteran had normal hearing in his left ear. Additionally, VA treatment records and private treatment records do not demonstrate that any left ear hearing loss met VA criteria for a disability at any time during the pendency of the appeal. An October 2011 private treatment record from Dr. J. Levine reflects a diagnosis of unilateral sensorineural hearing loss in the right ear. Pure tone threshold levels for the left ear, in decibels, were 15, 15, 10, and 20 at 500, 1000, 2000, and 4000 Hertz, respectively, and the Veteran's speech recognition score was 100 percent. According to Dr. Levine's records, in July 2012 pure tone threshold levels for the left ear, in decibels, were 15, 10, 5, 5, and 10 at 500, 1000, 2000, 3000, and 4000 Hertz, respectively, and the Veteran's speech recognition score was 100 percent. 

Evidence must show that the veteran has the disability for which benefits are being claimed. See also Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992). In this respect, the Board is also cognizant of the holding of the Court in Romanowsky, 26 Vet. App. 289. In Romanowsky, the Court held that when the record contains a recent diagnosis of disability prior to a veteran filing a claim for benefits based on that disability, the report of diagnosis is relevant evidence that the Board must address in determining whether a current disability existed at the time the claim was filed or during its pendency. In this case, the Veteran filed his initial service connection claim in February 1992. In April 1992, the Veteran underwent VA examination. Pure tone threshold levels, in decibels, were 5, 0, 0, 0, and 0 at 500, 1000, 2000, 3000, and 4000 Hertz, respectively, and the Veteran's speech recognition score was 94 percent. The VA examiner found the Veteran's hearing was within normal limits. The evidence does not demonstrate any left ear hearing loss disability prior to February 1992. Furthermore, the Veteran's April 1989 separation examination shows pure tone threshold levels, in decibels, of 25, 15, 0, -5, and 5 at 500, 1000, 2000, 3000, and 4000 Hertz, respectively. As such, the Board finds the evidence does not demonstrate a left ear hearing loss disability for the purpose of service connection at any time prior to the Veteran filing a claim for benefits. 

The Board acknowledges the Veteran's assertions that he experiences left ear hearing loss and recognizes that he is competent to provide evidence about the symptoms he experiences. See Washington v. Nicholson, 19 Vet. App. 362, 368 (2005); Charles v. Principi, 16 Vet. App. 370 (2002) (finding the veteran competent to testify to symptomatology capable of lay observation); Layno v. Brown, 6 Vet. App. 465, 469 (1994) (noting competent lay evidence requires facts perceived through the use of the five senses). The Board further notes that lay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). However, a left ear hearing loss disability is not the type of disability that is subject to lay diagnosis. Hence, while the Veteran is competent to report the symptoms he experiences, he is not competent to diagnose left ear hearing loss that meets VA criteria for a disability, as he has not been shown to have the medical training necessary to do so. In this case, the clinical evidence does not demonstrate a competent diagnosis of a left ear hearing loss disability at any time prior to or during the pendency of the appeal. The Board concludes, therefore, that the medical findings are of greater probative value than the Veteran's allegations regarding the existence of a left ear hearing loss disability. 

Without evidence of a current left ear hearing loss disability, the preponderance of the evidence is against the Veteran's claim. No further discussion of the nexus element for service connection is necessary. See Gilpin v. West, 155 F.3d 1353 (Fed. Cir. 1998). The benefit of the doubt rule does not apply, and the claim must be denied. 38 U.S.C.A. § 5107(b); Gilbert v. Derwinski, 1 Vet. App. 49, 57 (1990).

ORDER

Entitlement to service connection for left ear hearing loss is denied.



____________________________________________
ROBERT C. SCHARNBERGER
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs